**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**NYKA O'CONNOR,**
        **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**Case No: 3:06cv10/RV/MD**

**STATE OF FLORIDA, et al.,**
        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*,[1] has paid the initial partial filing fee, and this cause is before the court upon his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.**

**Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim**

---

[1] Court records reflect that plaintiff has paid $9.00 toward the $250.00 filing fee; therefore, he still owes $241.00 to the court.

are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that it does not present an actionable claim.

Plaintiff is currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI"). Named as defendants in this action are the State of Florida; James V. Crosby, former Secretary of the Florida Department of Corrections; A. Haskins, Assistant Warden of Santa Rosa CI; and W. D. Rummel, M.D., Medical Supervisor at Santa Rosa CI. Plaintiff claims defendants violated his rights under the Fifth, Eighth and Fourteenth Amendments, the "Universal Declaration of Human Rights of the International Covenant of Civil and Political Rights;" the Foreign Sovereign Immunities Act; and the Holy Bible when plaintiff was provided inadequate medical care for a toe injury. According to plaintiff, the injury occurred at DeSoto Correctional Institution. As relief, plaintiff seeks unspecified monetary damages and injunctive relief. (Doc. 1).

Title 42 U.S.C. § 1997e provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit. *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (citing *Booth v. Churner,* 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)); *see also Alexander v. Hawk,* 159 F.3d 1321 (11th Cir. 1998).[2] The

---

[2]The purpose of the exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983. In *Alexander*, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle, supra*. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. at 1825; *see also Zolicoffer v. Scott,* 55 F.Supp.2d 1372, 1375 (N.D. Ga. 1999), *aff'd*, 252 F.3d 440 (11th Cir. 2001). The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, *supra*. Based on the foregoing, this court must dismiss a claim if it determines that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander v. Hawk,* 159 F.3d at 1325-26.

On page three of the civil rights complaint form, Section III(A), Exhaustion of Administrative Remedies, plaintiff is asked whether he submitted an informal grievance (Question (A)(1)), a formal grievance (Question (A)(2)) and an appeal to the Office of the Secretary (Question (A)(3)) concerning his claim. (Doc. 1, p. 3). Where there are parenthetical areas to mark either a "yes" or "no" answer to each question, plaintiff marked "no." As to each question, plaintiff is then directed to either attach a copy of the grievance/appeal or explain why he did not submit the particular grievance/appeal. Plaintiff appended no attachments to his complaint, and responded to each question, "Plaintiff is not an Inmate, threat of eminent [sic]

---

(1) to avoid premature interruption of the administrative process;
(2) to let the agency develop the necessary factual background upon which decisions should be based;
(3) to permit the agency to exercise its discretion or apply its expertise;
(4) to improve the efficiency of the administrative process;
(5) to conserve scarce judicial resources;
(6) to give the agency a chance to discover and correct its own errors; and
(7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)). These sound reasons are certainly applicable to the instant case.

*Case No: 3:06cv10/RV/MD*

danger (infection)." (*Id.*). In the Statement of Facts section of the complaint form, plaintiff stated: "Numerous grievances have been written in Debtors' trade-name re improper medical care of said toe, but were denied by defendants; said grievances are pending at the Institution and at Tallahassee Corporation. . . ." (*Id.*, p. 7). On February 14, 2006 plaintiff submitted a "Notice to the Court" along with copies of two grievances in an attempt to demonstrate exhaustion of his administrative remedies. (Doc. 9). The grievances attached to the "Notice" indicate that plaintiff initiated the grievance process on November 17, 2005 by filing a formal grievance; however, his appeal to the Office of the Secretary was not complete until January 12, 2006. This was after plaintiff initiated this lawsuit on December 19, 2005.

Accordingly, even reading the allegations of plaintiff's complaint and submissions in a light most favorable to him, it appears beyond doubt that plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. Therefore, the court concludes that dismissal of this case under 28 U.S.C. § 1915(e)(2)(B)(ii) is warranted.[3]

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 21st day of February, 2006.

/s/ *Miles Davis*
 MILES DAVIS
 UNITED STATES MAGISTRATE JUDGE

---

[3]"A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted).

*Case No: 3:06cv10/RV/MD*

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**